UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DUNHAM-PRICE GROUP, LLC, et al | : | DOCKET NO. 2:07 CV 1019 |
| VS. | : | JUDGE MINALDI |
| CITGO PETROLEUM CORPORATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, [doc. 32], filed by defendant Citgo Petroleum Corporation ("Citgo"). The plaintiffs, Dunham-Price Group, LLC, et al ("Dunham Price") filed an Opposition and a Supplemental Opposition [docs. 37, 47]. Citgo filed a Reply and a Supplemental Reply [docs. 39, 49].

## FACTS

Dunham Price's lawsuit arises out of a June 19, 2006 oil spill from Citgo's Lake Charles, Louisiana refinery into the Calcasieu River.[1] In response to the spill, and as part of the cleanup efforts, the United States Coast Guard ("Coast Guard") ordered the closure of approximately 22 miles of the Calcasieu River, including portions of the Intracoastal Waterway.[2]

Dunham Price owns and operates a concrete facility in Westlake, Louisiana, located several miles upriver from Citgo's refinery and upriver from the zone closed by the Coast Guard.[3] As a

---

[1] Complaint, [doc. 1].

[2] *Id.*

[3] *Id*; Def.'s Ex. C and D (Maps).

result of the temporary closure of the waterways, Dunham Price alleges that it "sustained loss of use, increased expense, business interruption and related damages."[4] Dunham Price asserts claims of strict liability and negligence pursuant to the Oil Pollution Act of 1990 ("OPA") and a state law nuisance claim under La. Civ. Code art. 667.[5]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "Furthermore, the party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 323). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.*

If the movant satisfies this burden, however, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Tubacex*, 45 F.3d at 954. In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[4] Complaint, [doc. 1].

[5] *Id.*

2


Ultimately, a grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party..." *Id.*

## ANALYSIS

Citgo seeks dismissal of all claims, arguing neither federal nor state law allows recovery for economic losses unaccompanied by physical property damage. Dunham Price avers that OPA provides recovery for any claimant, regardless of whether the claimant owns the damaged property.

### **OPA Claims**

OPA permits recovery of "[d]amages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant." 33 U.S.C. § 2702(b)(2)(E). Citgo argues that under this section, a plaintiff must prove that his injuries are directly "due to" property damage resulting from an oil discharge. Citgo further argues that Dunham Price's damages are due to the closure of the Calcasieu Ship Channel and not attributable to a physical injury to property or natural resources. Dunham Price insists that the statute does not mention or require a direct causal link between a claimant's economic losses and damage to property or natural resources.

OPA Section 2702(b)(2)(E) allows a plaintiff to recover economic losses resulting from damage to another's property. *In re Taira Lynn Marine Ltd. No. 5*, 444 F.3d 371, 382 (5th Cir. 2006). *See also Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, 631 (1st Cir. 1994) ("The House Conference Report makes clear that, under section 2702(b)(2)(E), '[t]he claimant need not be the owner of the damaged property or resources to recover for lost profits or income.'")

The *Taira Lynn Marine* case involved a barge accident and subsequent propane release that forced the evacuation of nearby businesses and prompted authorities to shut off electricity to

minimize the risk of explosion. *Taira Lynn Marine*, 444 F.3d at 375-76. Fourteen businesses disrupted by the evacuation brought loss-of-business claims under OPA, general maritime law, and other state and federal statutes. *Id.* The Fifth Circuit ruled that OPA did not provide recovery for damages incurred from the evacuation of the areas adjacent to the gaseous discharge.[6] *Id.* at 382-83. The court granted summary judgment on the OPA claims because the claimants had not raised an issue of fact concerning whether their economic losses were due to property damage resulting from the pollution incident. *Id.* at 383.

In a more recent decision, a well owner sought damages from a barge owner for economic losses stemming from the closure of waterways after an allision. *In re Setton Towing, LLC*, 2009 WL 4730969 (E.D.La. 2009). The well owner raised an issue of fact as to whether the sustained economic losses were due to property damage resulting from the discharge of oil; thus, the court denied summary judgment on the well owner's OPA claims. *Id.* at *4.

Citgo notes Dunham Price's failure to provide any evidence that Citgo's oil spill damaged private property or natural resources and its failure to raise an issue of fact as to whether the oil spill caused any property damage. Citgo also argues that Dunham Price has no evidence that any injury to private property or natural resources prompted the Coast Guard's closure of waterways.

Dunham Price submits Ryan Price's affidavit, which includes testimony that Citgo's oil spill damaged other real property. Price stated that the incident "caused oil to spill into the Calcasieu

---

[6] The Fifth Circuit found that OPA claims are limited to damages resulting "from a discharge of oil or from a substantial threat of a discharge of oil into navigable waters or the adjacent shoreline." *Taira Lynn Marine*, 444 F.3d at 383 (quoting *Gatlin Oil Co. v. United States*, 169 F.3d 207, 211 (4th Cir. 1999)). Although OPA did not apply to the discharge of gaseous cargo, the court considered it applicable for the sake of argument. *Id.*

4

River and caused oil to damage the property of others along the Calcasieu River."[7] Price added that "in addition to other property and the Calcasieu River itself being damaged by the oil, I am personally aware of property owned by others next to Calcasieu Refinery that was damaged and inundated with oil all over the property."[8] Finally, Dunham Price points to Citgo's plea agreement with the United States, in which it admitted to negligently discharging 30,000 gallons of oil into the Calcasieu River.[9] Dunham Price asserts that the Calcasieu River meets OPA's definition of a natural resource; therefore, Dunham Price argues that Citgo damaged a natural resource.

The Calcasieu River meets OPA's definition of a natural resource, which includes "land, fish, wildlife, biota, air, water, groundwater, drinking water supplies and other resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States, including the resources of the exclusive economic zone, any state or local government or Indian tribe, or any foreign government." 33 U.S.C. § 2701(20). Citgo has admitted that its discharge of oil into the Calcasieu River polluted a navigable water of the United States and damaged the personal property of owners along the Calcasieu River. Moreover, the Coast Guard issued a community advisory, notifying the public of the spill and the subsequent closure of the Calcasieu River. Dunham Price has submitted evidence demonstrating genuine issues of material fact, so it will be for the trier of fact to determine whether Dunham Price's economic losses are due to Citgo's oil spill. Accordingly, Citgo's Motion for Summary Judgment regarding Dunham Price's OPA claims is DENIED.

---

[7] Pl.'s Ex. A (Price Aff.) [doc. 37-1].

[8] *Id.*

[9] Criminal Action No. 2:08-cr-00077-PM-KK, [doc. 12].

### State Law Claims

In 1927, the United States Supreme Court held that a plaintiff may not recover economic losses resulting from negligence if the plaintiff lacks a proprietary interest in the damaged property. *Robins Dry Dock & Repair v. Flint*, 275 U.S. 303 (1927). Commonly referred to as the "economic loss rule," this principle continues to govern maritime tort cases in the Fifth Circuit, and courts consistently apply the rule to state law negligence claims. *See State of La. ex rel. Guste v. M/V Testbank*, 752 F.2d 1019 (5th Cir. 1985) (holding physical damage to a proprietary interest is a prerequisite to recover for economic loss in cases of unintentional maritime tort); *TS & C Investments, L.L.C. v. Beusa Energy, Inc.*, 637 F. Supp. 2d 370 (W.D. La. 2/2/09) (applying economic loss rule to preclude recovery under art. 667); *Louisiana Crawfish Producers Ass'n-West v. Amerada Hess Corp.*, 935 So. 2d 380 (La. App. 3 Cir. 7/12/06) (applying *Robins Dry Dock* to art. 667 claims and denying plaintiffs' recovery for economic damages without a proprietary interest in the damaged property).

Dunham Price does not allege physical damage to their property, but claims only that it "sustained loss of use, increased expense, business interruption and related damages" as a result of the Coast Guard's closure of waterways.[10] Without direct, physical damage to its property, Dunham Price's state law claims for indirect economic losses cannot stand as a matter of law. Accordingly, Dunham Price's state claims are DISMISSED.

IT IS ORDERED that Citgo's motion for summary judgment, [doc. 32], is hereby

---

[10] Complaint, [doc. 1].

GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the state law claims against Citgo are hereby DISMISSED with prejudice at the plaintiffs' cost.

Lake Charles, Louisiana, this 31 day of March, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

7